## S90A0580. GORMAN v. THE STATE.
### (396 SE2d 491)

Smith, Presiding Justice.

The appellant, Phillip Gorman, was sentenced to life imprisonment for the malice murder of his wife, Marie Gorman. We affirm.[1]

The Gormans had separated, and Mrs. Gorman told her husband that she wanted a divorce. The appellant was despondent and angry about the separation and the possible divorce; he made threats concerning his wife to various friends including saying: "[I]f she did divorce me . . . Before she divorced me, I would kill her and do twenty."

The night before the murder, the appellant borrowed a loaded handgun from a friend. According to the appellant's statement he called his wife at approximately 8:30 in the morning and asked if he could take her to see the lawyer. A witness testified that by 9:00 that morning, the appellant was in a local store purchasing additional ammunition for the handgun he borrowed. The appellant and his wife met later in the morning and they argued about the possible divorce. The appellant pulled his wife from the car in which she was sitting, hit her with the gun, knocked her to the ground, and pointed the gun at her face. They continued to argue, and according to the appellant the victim called him "stupid." Witnesses testified that the appellant turned as if he was going to walk away, but turned quickly and within an arm's distance from her, shot her in the head killing her. The appellant stated: "I didn't mean to shoot her with it, then the gun went off."

1. The evidence was sufficient for a rational trier of fact to have found the appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant argues that the court should have charged the jury on voluntary manslaughter.

The trial court concluded as a matter of law that under the facts presented that it was not a "voluntary manslaughter case." We find no error in the trial court's refusal to charge the jury on voluntary manslaughter. *Aldridge v. State*, 258 Ga. 75, 76 (365 SE2d 111)

---

[1] The crime was committed on August 24, 1988. The Douglas County jury returned its verdict of guilty on October 19, 1988. A motion for new trial was denied and a notice of appeal was filed on November 14, 1989. The transcript of evidence was filed on January 26, 1990. The record was docketed in this Court on January 31, 1990. The case was argued on April 10, 1990.

(1988).

3. We find no error in the appellant's remaining enumerations of error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 1990 —
RECONSIDERATION DENIED OCTOBER 24, 1990.

*Alden W. Snead,* for appellant.

*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.